IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MAGGIE REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:19-cv-02626 |
| | ) |
| THE WILLOW DOMESTIC VIOLENCE CENTER, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER

**COMES NOW**, the defendant The Willow Domestic Violence Center, Inc., by and through its attorney and for its Answer to plaintiff's Complaint states as follows:

### Parties and Jurisdiction

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Admitted.
14. Admitted.
15. Admitted.

## Additional Factual Allegations

16. Admitted.
17. Admitted.
18. Admitted.
19. Admitted.
20. Admitted.
21. Admitted.
22. Admitted.
23. Admitted.
24. Admitted.
25. Admitted.
26. Admitted.
27. Admitted.
28. Admitted.
29. Admitted.
30. Admitted.
31. Admitted.
32. Admitted.
33. Admitted.
34. Admitted.
35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendant admits that plaintiff's employment was terminated on April 18, 2019. Defendant denies the remaining allegations of fact and conclusions of law contained in paragraph 63 of plaintiff's Complaint.

64. Admitted.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT I

69. Defendant incorporates herein its answers as set forth above in paragraphs 1 through 68.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

4

WHEREFORE, having fully answered Count I of plaintiff's Complaint, defendant respectfully requests that plaintiff take nothing by way of her Complaint; that judgment be entered in favor of defendant and against plaintiff; that defendant recover its costs and attorneys' fees as allowed by law; and for such further relief as the Court deems just and equitable.

## COUNT II

78. Defendant incorporates herein its answers as set forth above in paragraphs 1 through 77.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

WHEREFORE, having fully answered Count II of plaintiff's Complaint, defendant respectfully requests that plaintiff take nothing by way of her Complaint; that judgment be entered in favor of defendant and against plaintiff; that defendant recover its costs

WSABEOP0\101800876.v1

and attorneys' fees as allowed by law; and for such further relief as the Court deems just and equitable.

## COUNT III

91. Defendant incorporates herein its answers as set forth above in paragraphs 1 through 90.

  92. Denied.

  93. Denied.

  94. Denied.

  95. Denied.

  96. Denied.

WHEREFORE, having fully answered Count III of plaintiff's Complaint, defendant respectfully requests that plaintiff take nothing by way of her Complaint; that judgment be entered in favor of defendant and against plaintiff; that defendant recover its costs and attorneys' fees as allowed by law; and for such further relief as the Court deems just and equitable.

## COUNT IV

97. Defendant incorporates herein its answers as set forth above in paragraphs 1 through 96.

  98. Denied.

  99. Denied.

  100. Denied.

  101. Denied.

  102. Denied.

  103. Denied.

WSABEOP0\101800876.v1

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

WHEREFORE, having fully answered Count IV of plaintiff's Complaint, defendant respectfully requests that plaintiff take nothing by way of her Complaint; that judgment be entered in favor of defendant and against plaintiff; that defendant recover its costs and attorneys' fees as allowed by law; and for such further relief as the Court deems just and equitable.

## COUNT V

110. Defendant incorporates herein its answers as set forth above in paragraphs 1 through 109.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

WHEREFORE, having fully answered Count V of plaintiff's Complaint, defendant respectfully requests that plaintiff take nothing by way of her Complaint; that judgment be entered in favor of defendant and against plaintiff; that defendant recover its costs and attorneys' fees as allowed by law; and for such further relief as the Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

1. Unless expressly admitted above, defendant denies each and every allegation of fact and conclusion of law contained in plaintiff's Complaint.

2. Plaintiff's Complaint fails to state a claim for which relief can be granted.

3. Plaintiff's claims must fail because defendant is not an enterprise or employer as defined by the FLSA and plaintiff is not an individual engaged in interstate commerce or in the production of goods for interstate commerce or any closely related process or occupation directly essential to such production and therefore is not a covered individual under the FLSA.

4. All decisions made by defendant regarding plaintiff's employment were based upon sound business judgment free from any retaliatory or discriminatory intent.

5. Plaintiff's claims for retaliatory discharge must fail due to the doctrine of unclean hands in that plaintiff failed to follow established policies and procedures with respect to her employment.

## **DEMAND FOR JURY TRIAL**

Defendant requests a trial by jury, in Kansas City, Kansas on all counts and allegations of wrongful conduct alleged in this Complaint.

WALLACE SAUNDERS

BY: */s/ Marty T. Jackson*
Marty T. Jackson     KS #14188
10111 West 87th Street
Overland Park, KS 66212
(913) 888-1000
(913) 888-1065/FAX
mjackson@wallacesaunders.com

ATTORNEYS FOR DEFENDANT

I hereby certify that on November 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following participants, and I hereby certify that I have mailed the document by first class mail, postage prepaid, to the following non-CM/ECF participants:

Joshua P. Wunderlich
8350 N. St. Clair Avenue, Suite 225
Kansas City, MO  64151

**ATTORNEY FOR PLAINTIFF**

*/s/ Marty T. Jackson*
For the Firm