(Rev. 12/1/15)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MAGGIE REYNOLDS**,

Plaintiff(s),

v.                                                  Case No. **19-2626-DDC-KGG**

**THE WILLOW DOMESTIC
VIOLENCE CENTER, INC.,**

Defendant(s).

## REVISED SCHEDULING ORDER

On June 5, 2020, the parties filed a Joint Motion for Extension of Case Deadlines and to Amend Scheduling Order (Doc. 12).  After consideration of the motion and for good cause shown, the Court will GRANT the request extension and enter this Revised Scheduling Order.

**The parties request this extension because of the disruption to discovery efforts caused by the COVID-19 pandemic.  The parties state that the emergency has impeded "completion of written discovery, as well as the scheduling of in-person depositions".  The Court is sympathetic.  However, this revised scheduling order will not eliminate these challenges.  The parties should complete these tasks within current limitations.  Technology should be used to facilitate video or teleconference depositions and deposition preparation.  The Court may not consider the inability to conduct in-person depositions good cause for additional continuances.**

O:\SchedOrders\19-2626so2.docx

1.      **Alternative Dispute Resolution (ADR).**

Mediation is ordered.   The parties should file an updated Joint Mediation Notice when mediation is rescheduled with the mediator. Absent further order of the court, mediation must be held no later than **September 14, 2020**.   The parties have agreed to use Larry Rute as mediator.   An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/adrreportrev20141.pdf*

2.      **Discovery.**

a.      The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).   Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.   In addition, such supplemental disclosures must be served in any event 40 days before the deadline for completion of all discovery.   The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.   The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.   Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely

Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b.      All discovery in this case must be commenced or served in time to be completed by **September 18, 2020**.   Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, <u>AND</u> (b) proportional to the needs of this case.   Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

c.      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

d.      The court considered / resolved the following discovery problem(s) raised by one or more of the parties: None.

e.      Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:   The parties intend to produce electronically stored information in hard copy or static form (e.g., .pdf, or .tif images), thereby allowing documents produced to be indexed

3

and individually marked through "Bates" stamping.  Upon request, the producing party shall provide a description of the manner in which the ESI is stored.  If the requesting party believes that production of ESI in its native format is reasonably necessary, the producing party shall produce ESI in its native format so long as it is reasonably accessible and not otherwise objectionable.

f.    Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 14 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.   Although

the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

g.      To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case [e.g., the *Susman* pretrial [trial] agreements, available at *http://www.trialbyagreement.com*]: The parties agree to resolve discovery disputes pursuant to the Federal Rules of Civil Procedure and to abide by the Pillars of Professionalism.   When, and if possible, the parties agree to communicate via telephone or written correspondence (i.e., a "golden rule" letter) to avoid or expedite the resolution of discovery disputes without the necessity of filing motions with the Court.   Papers may be served via e-mail to opposing counsel.   The parties agree that all objections at depositions shall be reserved except for objections to form of the question or privilege. Depositions will be taken by agreement and will be limited in number and length in accordance with the Court's Scheduling Order.   As necessary, documents will be produced on a rolling basis.   Neither side will be entitled to discovery of communications between counsel and experts or draft expert reports.

h.     No party may serve more than 30 interrogatories, including all discrete subparts, on any other party.

i.     No more than 7 depositions may be taken by plaintiff, and no more than 7 depositions may be taken by defendant.   Each deposition must be limited to 7 hours.   All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

j.     The parties do consent to electronic service of disclosures and discovery requests and responses.   See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

k.     The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.   Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).   Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.   If a certification violates these

6

restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.    Motions.**

a.    The parties have stipulated that no motions to dismiss will be filed in this case.

b.    The deadline for filing any motion for leave to join additional parties or to otherwise amend the pleadings has passed.

c.    All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **October 30, 2020**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d.    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a

7

good-faith dispute.   The parties should follow the summary-judgment guidelines available

on the court's website:        *http://ksd.uscourts.gov/wp-*

*content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

      e.     All motions to exclude testimony of expert witnesses pursuant to Fed. R.

Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993),

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by

42 days before trial.

      f.     If issues remain unresolved after the parties have complied with the "meet

and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P.

37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider

arranging a telephone conference with the undersigned magistrate judge *before* filing such

a motion.   But such a conference is not mandatory.

      g.     Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and

37.2 must be filed and served within 30 days of the default or service of the response,

answer, or objection that is the subject of the motion, unless the time for filing such a

motion is extended for good cause shown.   Otherwise, the objection to the default,

response, answer, or objection is waived.   *See* D. Kan. Rule 37.1(b).

      h.     To avoid the filing of unnecessary motions, the court encourages the parties

to utilize stipulations regarding discovery procedures.   However, this does not apply to

extensions of time that interfere with the deadlines to complete all discovery, for the

briefing or hearing of a motion, or for trial.   *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).

Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.   *See* D. Kan. Rule 26.4(c).

       i.     The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.**     **Pretrial Conference, Trial, and Other Matters.**

       a.     The parties agree that principles of comparative fault do <u>not</u> apply to this case.

       b.     Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is re-scheduled for **October 14, 2020 at 11:00 a.m.**; this pretrial conference may be conducted by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person.   Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.  No later than **October 5, 2020**, defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*.   The proposed pretrial order must <u>not</u> be filed with the Clerk's Office.   It must be in the form available on the court's website:

                    *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c.      The parties expect the jury trial of this case to take approximately five trial days.  This case will be tried in Kansas City, Kansas.  This case is reset for trial on the court's docket beginning on **July 6, 2021 at 9:00 a.m.**  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.  The trial setting may be changed only by order of the judge presiding over the trial.  The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

d.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

e.      This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.  Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.  The *Pillars of Professionalism* are available on this court's website:     *http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated June 9, 2020, at Wichita, Kansas.

s/ KENNETH G. GALE
KENNETH G. GALE
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | |
| Defendant's settlement counter-proposal | |
| Joint mediation notice, or confidential settlement reports to magistrate judge | Filed Doc. 9, to be updated |
| Mediation completed | 9/14/2020 |
| Supplementation of initial disclosures | 40 days before completion of discovery |
| All discovery completed | 9/18/2020 |
| Experts disclosed by plaintiff | Deadline passed |
| Experts disclosed by defendant | Deadline passed |
| Rebuttal experts disclosed | Deadline passed |
| Physical and mental examinations | n/a |
| Jointly proposed protective order submitted to court | |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | |
| Motions to dismiss | None |
| Motions to amend | Deadline passed |
| All other potentially dispositive motions (e.g., summary judgment) | 10/30/2020 |
| Comparative fault identification | n/a |
| Status conference | |
| Proposed pretrial order due | 10/5/2020 |
| Pretrial conference | 10/14/2020 at 11:00 a.m. |
| Trial | 7/6/2021 at 9:00 a.m. |